# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 16, 2011

No. 10-20501
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL BORJA-VEGA, also known as Samuel Vega, also known as Carlos
Ortega, also known as Miguel Gomez-Borja, also known as Andres M. Orrostieta,
also known as Bertin Aveja Granados, also known as Nau Berduzco-Pena, also
known as Navor Reynosa Vega,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-82-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Manuel Borja-Vega (Borja) pleaded guilty to illegal reentry by a previously
deported alien following a conviction for an aggravated felony and was sentenced
to 132 months of imprisonment. He now appeals his sentence, which was based
on an upward departure under U.S.S.G. § 4A1.3, arguing that it is unreasonable
because it is greater than necessary to effectuate the sentencing goals set forth

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in 18 U.S.C. § 3553(a).  Because he has preserved the issue on appeal, we review the district court's decision to depart upwardly under § 4A1.3 for abuse of discretion.  *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).

We review sentences for reasonableness in light of the factors set out in § 3553(a).  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  The record reflects that Borja's sentence was a departure authorized by the advisory sentencing guidelines pursuant to § 4A1.3, based on the inadequacy of Borja's criminal history.  In determining that Borja's criminal history was under-represented, the district court noted that many of Borja's criminal convictions— including numerous convictions for driving while intoxicated, as well convictions for evading arrest and unlawfully carrying a weapon —  were not scored in the presentence report because of their age.  The district court concluded that the revised guidelines range was inadequate to meet the requirements of the sentencing factors set forth in § 3553(a) and considered Borja's history and characteristics, as well as the need for the sentence to provide just punishment, to promote respect for the law, to protect the public, and to deter future criminal conduct in determining Borja's sentence. The district court noted that neither the leniency that Borja previously received nor the 87-month prison term that was previously imposed following a prior conviction for illegal reentry had any deterrent effect.  The district court further concluded that Borja's use of more than a dozen aliases and several different birth dates and social security numbers to avoid detection reflected the likelihood of further recidivism.

We conclude that the district court's decision to depart upwardly was permissible under the Guidelines and that the departure was based on permissible factors that advanced the objectives set forth in § 3553(a) and were justified by the facts of the case.  *See Zuniga-Peralta*, 442 F.3d at 347; *see also United States v. Beasley*, 90 F.3d 400, 403 (5th Cir. 1996) (holding that district court did not err in considerinojrag defendant's six remote prior convictions in

2

evaluating the adequacy of his criminal history).  Based on the totality of the circumstances, the sentence did "not account for a factor that should have received significant weight" or "represent[] a clear error of judgment in balancing the sentencing factors." *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Moreover, although Borja's 132-month sentence is 45 months more than the top of his guidelines range (87 months), we have affirmed similar and more substantial departures, and we conclude that the degree of the departure in this case was not unreasonable under the circumstances.  *See, e.g.*, *United States v. Herrera-Garduno,* 519 F.3d 526, 531-32 (5th Cir. 2008) (affirming upward departure from guidelines range of 21 to 27 months to 60 months when underlying circumstances rendered sentence unreasonable); *United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008) (upholding an upward departure or variance to 180 months from an advisory maximum of 51 months); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006) (affirming an upward departure to 120 months from a range of 46 to 57 months).

Accordingly, the judgment of the district court is AFFIRMED.